# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON,<br><br>               Plaintiff,<br><br>     v.<br><br>CHADWICK P. MCGRADY,<br><br>               Defendant. | <br><br><br><br><br>Case No. 3:18-cv-00163-SLG |

## ORDER RE MOTION TO COMPEL

Before the Court at Docket 20 is Defendant Chadwick P. McGrady's Motion to Compel Complete Responses to Interrogatories and Requests for Production and to Determine the Sufficiency of Answers to Requests for Admission. Plaintiff Mark N. Wayson responded at Docket 21.[1] Mr. McGrady replied at Docket 22.

As an initial matter, Mr. Wayson asserts in his opposition that Mr. McGrady is "straddling State of Alaska and Federal jurisdiction," possibly "to do a little judge shopping."[2] This Court has jurisdiction under 28 U.S.C. § 1332(a), which provides federal courts with jurisdiction over "all civil actions [between citizens of different states] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" Diversity jurisdiction "requires 'complete

---

[1] Mr. Wayson's response was titled "Notice of Wayson's Compliance under Alaska and Federal Rules of Civil Procedure with Defendant McGrady's Discovery Requests, and Request for Denial of McGrady's September 17, 2018 Motion to Compel." Docket 21 at 1.

[2] Docket 21 at 1.

diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'"[3] This Court has diversity jurisdiction over this case because the amount in controversy exceeds $75,000[4] and because there is complete diversity: the two opposing parties—Mr. Wayson and Mr. McGrady—are citizens of Alaska and Colorado, respectively.[5]

"Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."[6] "A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."[7] This duty also applies to responses to requests for production and requests for admission.[8]

---

[3] *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, No. 17-56432, __ F.3d __, 2019 WL 1510430, at *2 (9th Cir. 2019) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

[4] Docket 1-2 (Third Party Complaint) at 5.

[5] Docket 1-1 (McGrady Affidavit) at 1; Docket 1-2 at 2.

[6] *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (citations omitted); *see also William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957); C. Wright & A. Miller, 5 FED. PRAC. & PROC.: CIVIL § 1182, at 12 (1969)) ("The federal rules contemplate that the process of defining and narrowing the issues raised in the pleadings will be accomplished through discovery and other pretrial procedures.").

[7] *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 647 (S.D. Cal. 2014) (quoting *Franklin v. Smalls*, Civil No. 09cv1067 MMA(RBB), 2012 WL 5077630, at *6 (S.D.Cal. Oct. 18, 2012)); *see also* Fed. R. Civ. P. 33.

[8] *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (holding that district court did not err in finding that party's response to request for production was incomplete); *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994) ("Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play."); *see also* Fed. R. Civ. P. 34, 36.

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 2 of 11
Case 3:18-cv-00163-SLG   Document 44   Filed 04/26/19   Page 2 of 11

Federal Rule of Civil Procedure 37 applies when one party is of the view that the other party's discovery responses are inadequate. The first step in that process is for the dissatisfied party to file a motion to compel, as Mr. McGrady has done here.[9] If the court agrees that some or all of the responses to the discovery are inadequate, it may enter an order compelling the other party to produce further discovery.[10] Then, "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may issue sanctions, up to and including dismissal of the case.[11]

On April 13, 2018, when this case was still pending in the Superior Court, Mr. McGrady served Mr. Wayson with Interrogatories, Requests for Production, and Requests for Admission.[12] On May 14, 2018, Mr. McGrady received Mr. Wayson's responses to those discovery requests.[13] Mr. Wayson's responses were largely nonresponsive. Rather than substantively responding directly to each specific item of discovery sought, Mr. Wayson included with his discovery

---

[9] Fed. R. Civ. P. 37(a).

[10] Fed. R. Civ. P. 37(b).

[11] Fed. R. Civ. P. 37(b)(2)(A); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) (quotation marks and citations omitted) ("Rule 37 sanctions, including dismissal, may be imposed where the violation is due to willfulness, bad faith, or fault of the party. Disobedient conduct not shown to be outside the litigant's control meets this standard.").

[12] Docket 20-9 at 1–22 (Interrogatories), 23–42 (Requests for Production), 43–50 (Requests for Admission).

[13] Docket 20-10.

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 3 of 11
Case 3:18-cv-00163-SLG   Document 44   Filed 04/26/19   Page 3 of 11

response a lengthy affidavit in which he made numerous factual and legal assertions in narrative form.[14]

On May 22, 2018, Mr. McGrady's attorney wrote to Mr. Wayson to request supplemental discovery responses. The letter explained that "[t]he cause of action against Mr. McGrady is a new one and the questions I have posed to you on Mr. McGrady need to be considered independently of any questions you answered for Mr. Stevenson." The letter further explained, "[y]ou don't need to make new copies of things, but you do need to identify what documents are responsive to the discovery requests with enough specificity that I can know what you are talking about. . . . Please consider this letter as an attempt to resolve a discovery dispute without court intervention."[15] Mr. Wayson responded to the letter with a document purporting to clarify his original discovery responses. The document begins with several pages of criticism of Mr. McGrady and his attorney.[16] Mr. Wayson's purportedly clarifying responses were not an improvement from his original responses.

---

[14] Docket 20-10 at 12–27 (Affidavit).

[15] Docket 20-11 at 1.

[16] Docket 20-12 (Clarification of Responses) at 1–8. For example, Mr. Wayson states: "McGrady's exact motive, and reason for his malice toward me is unclear. It may be simply his resentment of me as something he can never be, and that I am a 'man of character' that McGrady recognized, and acknowledged, in his pre-litigation extortion attempt, and himself envies." Docket 20-12 at 7.

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 4 of 11
Case 3:18-cv-00163-SLG   Document 44   Filed 04/26/19   Page 4 of 11

Responses to Interrogatories should be concise and forthcoming.[17] "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."[18] A narrative affidavit that does not respond directly and separately to each question posed is not responsive.

Many of the discovery requests seek information about the economic damages that Mr. Wayson is seeking. "In defamation and privacy cases, the affront to the plaintiff's dignity and the emotional harm done are called general damages, to distinguish them from proof of actual economic harm, which is called special damages."[19] In defamation cases, economic damages must be detailed by the party seeking damages in the discovery process.[20] A party is not required to detail the noneconomic damages that are sought.

Interrogatory No. 13 states: "Please list and quantify any out of pocket expenses, inconvenience damages or other incidental damages you claim as a result of the incident which is the subject of this litigation, including the source and

---

[17] Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]").

[18] Fed. R. Civ. P. 33(b)(3); *see also* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.").

[19] *F.A.A. v. Cooper*, 566 U.S. 284, 301 (2012) (citations and quotation marks omitted)

[20] *See* Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."); *see also* Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires an initial disclosure of "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]"

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 5 of 11
Case 3:18-cv-00163-SLG   Document 44   Filed 04/26/19   Page 5 of 11

dates of each item of damages." Mr. Wayson responded to Interrogatory No. 13 as follows: "Redundant. Please refer to response to Admission responses."[21] Mr. McGrady's attorney's subsequent letter attempted to guide Mr. Wayson toward a productive response to Interrogatory No. 13:

> Which Request for Admission are you referencing? Again, I am not asking for your litigation-related expenses; i.e., those expenses that you have incurred to defend the claims against you or to prosecute your third party claims. I'm asking about any the [sic] expenses/damages that are a direct result of the defamation. I understand that you believe that you were defamed in this litigation and that you have incurred costs to respond to that defamation in this lawsuit. I am asking for a computation for any costs incurred outside of the litigation. If you were going to paint someone's house, for example, and they called you and said that they didn't want you to do the work because they heard you were a nudist, then the net profit from that job would constitute damages that you incurred as a direct result of the alleged defamation. If you were able to do some work during that time period, then we would deduct that amount from the net profit to see what your true financial loss was from that particular incident. The cost of making copies of your discovery responses and bid sheet are costs related to the litigation. They are not damages that were incurred by the defamation itself. One way to look at it is to think about whether you would have incurred the loss if you had not filed a third party complaint.[22]

Mr. Wayson responded to the request for clarification as to Interrogatory No. 13 as follows:

> See previous response to a same or similar inquiry under Request for Admissions. The way I look at it is the damages to me, the loss of my time and opportunity to live rather than engage in defending a defamatory lawsuit because your client assured his client that he could obtain property from me, first by extortion, which failed. As I

---

[21] Docket 20-10 at 6–7.

[22] Docket 20-11 at 2–3.

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 6 of 11

> noted, I am not going to do your work. I find it difficult to believe that a Court is going to order me to provide copies of documents you already have copies of. Please review your own Discovery requests, McGrady's discovery requests, his previous prevarications, my responses, and the record. Attachment 2 to this supplement lists my out-[]of-[]pocket expenses beyond my time expended. Your Interrogatory 13 states that you are asking for out-of[]-pocket expenses, and your May 22, 2018 letter says you are not asking for them. You appear to be trying to confuse me regarding costs.[23]

Mr. Wayson's purported clarification does not appear to have provided a list of each of the items of economic damages that he is seeking to be awarded.

Similarly, Interrogatory No. 4 states: "For every sentence underlined in response to Interrogatory No. 2, please list and quantify any financial damages you claim as a result of the incident which is the subject of this litigation, including the source and dates of each item of damages." Mr. Wayson responds: "Redundant. Please refer to corresponding Admissions requests response and accompanying affidavit."[24] Mr. Wayson's response to Interrogatory No. 4 does not "specifically state[]" the special damages he is seeking to recover. Therefore, this response is inadequate, as are the remainder of Mr. Wayson's responses to the

---

[23] Docket 20-12 at 11–12.

[24] Docket 20-10 at 4. Neither Mr. Wayson's responses to the Requests for Admission nor Mr. Wayson's affidavit provides a clear accounting of the economic damages that he alleges that he has incurred. Docket 20-10 at 15–29; Docket 20-10 at 117–28. Mr. Wayson's Third Party Complaint seeks $1.3 million in monetary damages against Mr. McGrady, but the Third Party Complaint provides no information as to how Mr. Wayson reached that number. Docket 1-2 at 5.

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 7 of 11
Case 3:18-cv-00163-SLG   Document 44   Filed 04/26/19   Page 7 of 11

Interrogatories identified in Mr. McGrady's Reply:  **Interrogatories 1-3, 5, 9, 16, 18, 21, and 22.**[25]

Responses to Requests for Production should also be concise and forthcoming.  "A party may serve on any other party a request [for production] within the scope of Rule 26(b)[.]"[26]  "For each item or category [requested], the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."[27]  "An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."[28]  Mr. Wayson's responses to the Requests for Production identified in Mr. McGrady's Reply are inadequate.[29]  For each Request for Production identified in Defendant's Reply, Mr. Wayson is obligated by Rule 34 of the Federal Rules of Civil Procedure to produce all documents within his "possession custody or control," which includes all documents to which he has "the legal right to obtain . . . on demand".[30]  This includes responses to **Requests for Production Nos. 4, 13-15, and 17-18.**

---

[25] Docket 22 at 5.

[26] Fed. R. Civ. P. 34(a).

[27] Fed. R. Civ. P. 34(b)(2)(B).

[28] Fed. R. Civ. P. 34(b)(2)(C).

[29] Docket 22 at 5.

[30] *FDIC v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010) (citing 8B Wright & Miller, et al., Fed. Prac. & Proc. Civ. § 2177 (3d ed. 2010)).  In this regard, Mr. Wayson may, in lieu of signing the

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 8 of 11

Case 3:18-cv-00163-SLG   Document 44   Filed 04/26/19   Page 8 of 11

As with the response to each Interrogatory and each Request for Production, the response to each Request for Admission should be concise and forthcoming. Each response should not include any narratives or accompanying affidavits. "On finding that an answer does not comply with [Rule 36], the court may order either that the matter is admitted or that an amended answer be served."[31]

Request for Admission No. 10 states as follows: "Please admit that you stated on page 28 of your answer that because of the possibility of unexpected visitors, you always access your shower clad in a towel."[32] Mr. Wayson responded: "Given the apparent intended confusion implied in Request for Admission, No[.] 9, please refer to pages 28-29 of my sworn answer to the Complaint for Declaratory Relief for a response here."[33] Mr. Wayson's answer was not sworn, but it included the following statement on page 28:

> Except from the loft of Defendant's cabin, and from the south edge of the deck attached to Defendant's cabin, because of existing timber, terrain, and vegetation, no part of the easement is visible from the Defendant's home, or outdoor shower, or outdoor areas used by the Defendant and his guests in summer months. Privacy is not a concern, as the shower is completely shielded from any public view. **Nevertheless, because of the possibility of unexpected visitors, Defendant always accesses the shower clad in a towel**.

---

requested releases in Request for Production No. 15, obtain the requested documents from the third parties himself and provide them to the defense. *See* Docket 20-9 at 33–42 (Releases).

[31] Fed. R. Civ. P. 36(a)(6).

[32] Docket 20-10 at 121. *See also* Docket 20-9 at 46.

[33] Docket 20-10 at 121. Request for Admission No. 9 states: "Please admit that in paragraph 28 of your answer, you admit to utilizing a shower and sauna and that you could be seen nude." Docket 20-10 at 121.

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 9 of 11
Case 3:18-cv-00163-SLG   Document 44   Filed 04/26/19   Page 9 of 11

> Defendant has robes available for female visitors accessing the shower. Defendant has never been naked at any time on his deck.[34]

Mr. McGrady "asks that the court find that [Mr. Wayson's response to Request for Admission No. 10] is insufficient and deem the request admitted."[35] Mr. Wayson describes his response as "adequate."[36] In his reply, Mr. McGrady maintains that Mr. Wayson has failed "to provide a good faith basis for refusing to answer the request for admission[.]"[37]

It is unclear whether Mr. Wayson intended to admit or deny Request for Admission No. 10 with this response. But Mr. Wayson's answer, to which he cites in his response to Request for Admission No. 10, contains the precise statement that Request for Admission No. 10 asked him to admit. To the extent that Mr. Wayson intended his response to be a denial of or an objection to the Request for Admission, such a response would not be justified.[38] In light of the foregoing, the Court finds Request for Admission No. 10 to be admitted.[39] The remainder of Mr. Wayson's responses to the Requests for Admission identified in Mr. McGrady's

---

[34] Docket 37-3 (Wayson State Court Answer) at 6.

[35] Docket 20 at 16.

[36] Docket 21 at 2. In much of his opposition to the motion to compel, Mr. Wayson discusses his defamation claim, not the adequacy of his discovery responses. Docket 21 at 2–9.

[37] Docket 22 at 2.

[38] Fed. R. Civ. P. 36(a)(6) ("Unless the court finds an objection justified, it must order that an answer be served.").

[39] Fed. R. Civ. P. 36(a)(6).

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 10 of 11

Reply to the motion are similarly unresponsive and inadequate.[40]  Mr. Wayson will be directed to serve amended answers to each of the remaining Requests for Admission addressed in Defendant's Reply:  **Request for Admissions Nos 1, 2, and 7.**

Overall, Mr. Wayson's responses to each of the above referenced Interrogatories, Requests for Production, and Requests for Admission identified in Mr. McGrady's Motion under Rule 37(a) are inadequate because they fail to either respond in a concise and forthcoming manner to the discovery request or fail to clearly state a concise and valid objection.

In light of the foregoing, Mr. McGrady's Motion to Compel Complete Responses to Interrogatories and Requests for Production and to Determine the Sufficiency of Answers to Requests for Admission at Docket 20 is GRANTED as follows:  Request for Admission No. 10 is deemed ADMITTED.  Mr. Wayson shall provide a separate concise and forthcoming response within **30 days** from the date of this order to each of the discovery requests identified in bold in this order.  Thereafter, Mr. McGrady may file a renewed motion to compel as warranted.

IT IS SO ORDERED.

DATED this 26th day of April, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[40] Docket 22 at 2-5.

Case No. 3:18-cv-00163-SLG, *Wayson v. McGrady*
Order re Motion to Compel
Page 11 of 11
Case 3:18-cv-00163-SLG   Document 44   Filed 04/26/19   Page 11 of 11