# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARK N. WAYSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CHADWICK P. MCGRADY,<br><br>    Defendant. | Case No. 3:18-cv-00163-SLG |

## ORDER REGARDING ATTORNEY FEES AND TAXABLE COSTS

Before the Court at Docket 57 is defendant Chadwick P. McGrady's Motion for Rule 82 Attorney Fees Pursuant to FRCP 54(b)(2) and Local Rule 54.2.[1] Plaintiff Mark N. Wayson responded in opposition at Docket 67. Mr. McGrady replied to the response at Docket 69.

Also before the Court, at Docket 63, is Mr. McGrady's Motion for Review of Clerk's Order Dated July 23, 2019.[2] Mr. Wayson responded in opposition at Docket 64. Mr. McGrady replied to the response at Docket 65.

## I. Background

In 2017, Mr. McGrady, who is an attorney, was representing a plaintiff in a suit against Mr. Wayson that was filed in Alaska state court.[3] The suit alleged that that Mr. Wayson was interfering with access to an easement used by Mr. McGrady's client that

---

[1] In support of his motion for attorney fees, Mr. McGrady filed an affidavit at Docket 58. He later filed a Notice of Correction to Fee Calculations. Docket 66.

[2] The Clerk's notice is at Docket 62.

[3] Docket 55 at 1.

crossed Mr. Wayson's property.[4] On December 22, 2017, Mr. Wayson filed a complaint against Mr. McGrady in Alaska state court alleging defamation based on email statements of Mr. McGrady regarding the easement case that were published in the Alaska Dispatch News.[5] On July 12, 2018, Mr. McGrady removed the defamation case to federal court.[6] On June 25, 2019, the Court granted summary judgment to Mr. McGrady and issued a judgment dismissing this case.[7]

## II. Motion for attorney fees

On July 8, 2019, after entry of the final judgment in this case, Mr. McGrady filed a motion for attorney fees requesting $12,575.40.[8] After finding an accounting error in his first request, Mr. McGrady amended his attorney fee request to $12,280.60.[9] After reviewing Mr. Wayson's challenges to the attorney fees, Mr. McGrady further amended his attorney fee request to $11,972.60.[10]

Alaska Rule of Civil Procedure 82 governs the calculation of recoverable attorney fees in this case and provides that "the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."[11] The fee calculation in a case such as this,

---

[4] Docket 55 at 1.

[5] Docket 1-2.

[6] Docket 1.

[7] Dockets 55, 56. The complete background of this case is set forth in the Order Regarding Motion for Summary Judgment at Docket 55.

[8] Docket 57.

[9] Docket 66.

[10] Docket 69 at 1.

[11] Alaska R. Civ. P. 82(a).

where the prevailing party recovered no money judgment and the case did not go to trial, is "20 percent of [the prevailing party's] actual attorney's fees which were necessarily incurred. The actual fees shall include fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal or law clerk."[12]

In his opposition to the motion for attorney fees, Mr. Wayson first asserts that Mr. McGrady is not the prevailing party in this matter because Mr. McGrady "did not prevail in the [easement] interference case as was his stated intent in the Complaint. Therefore he did not prevail with his gratuitous defamation since it was never offered with the intent to destroy a reputation."[13] "The prevailing party is the one who has successfully prosecuted or defended against the action, the one who is successful on the 'main issue' of the action and 'in whose favor the decision or verdict is rendered and the judgment entered.'"[14] The main issue in this case was "whether Mr. McGrady's comments in [his May 1, 2017] email are subject to the fair report privilege."[15] This Court found that Mr. McGrady's comments in the May 1, 2017 email to the Alaska Dispatch News "are protected by the privilege of fair report. Because 'there is no genuine dispute as to any

---

[12] Alaska R. Civ. P. 82(b)(2).

[13] Docket 67 at 1, 3.

[14] *Taylor v. Moutrie-Pelham*, 246 P.3d 927, 929 (Alaska 2011) (quoting *Progressive Corp. v. Peter ex rel. Peter*, 195 P.3d 1083, 1092 (Alaska 2008)).

[15] Docket 55 at 10–11. For the purposes of assessing the applicability of the fair report privilege, this Court assumed without deciding that Mr. McGrady's comments were defamatory. Docket 55 at 10. The underlying easement interference case was not at issue before this Court.

material fact,' Mr. McGrady is entitled to judgment as a matter of law."[16]  Accordingly, Mr. McGrady successfully defended against the main issue in this action.

The Court has reviewed Mr. Wayson's other contentions in his opposition and finds that they are not valid legal arguments and are not relevant to the motion for attorney fees.  However, for clarification, this Court did not grant summary judgment to Mr. McGrady under an "absolute privilege."[17]  Summary judgment was granted because Mr. McGrady's email comments were protected by the privilege of fair report, which contemplates that "[t]he publication of defamatory matter concerning another in a report of an official action or proceeding . . . that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported."[18]

Mr. McGrady has submitted billing records supporting a total attorney cost of $59,863.00.  Twenty percent of that amount is $11,972.60, the amount requested by Mr. McGrady.  The Court will order attorney fees to Mr. McGrady in the amount of $11,972.60.

### III. Motion for review of the Clerk of Court's notice regarding taxable costs

On July 8, 2019, after entry of the final judgment in this case, Mr. McGrady timely filed a Bill of Costs totaling $505.26.[19]  The Bill of Costs was not submitted on an AO 133 form nor was it supported by invoices or other documents.[20]  The Clerk of Court then filed

---

[16] Docket 55 at 19–20.

[17] Mr. Wayson asserts that Mr. McGrady had "the right to lie and file gratuitous defamatory lawsuits under the Absolute Privilege as an Officer of the Court."  Docket 67 at 3.

[18] Docket 55 at 8 (*quoting* the Restatement (Second) of Torts § 611 (1977)) .

[19] Docket 59.

[20] Docket 62.

a notice awarding zero dollars in taxable costs to Mr. McGrady, noting that "[t]here were no supporting documents, invoices or Bill of Cost Form AO 133 filed as required by L. Civ. R. 54.1(b)."[21]  Mr. McGrady timely filed a motion for review of the Clerk of Court's notice.[22]

Mr. McGrady asserts that the Clerk of Court misinterpreted Local Civil Rule 54.1 when the Clerk denied costs because of the lack of supporting documents and AO 133 form.[23]  Mr. Wayson responds that the Clerk of Court correctly interpreted and applied Local Civil Rule 54.1.[24]  The Local Rule states that that "[a] bill of costs must be supported by invoices and other materials available for inspection by other parties *and presented to the Clerk upon request.*"[25]  The Rules also direct parties to "[*s*]*ee* Bill of Cost Form AO 133."[26]  The Rules do not require a party to submit any invoices or materials, only that they be made available at the request of the Clerk of Court and that they be available for inspection by other parties.  The record does not indicate that the Clerk of Court ever requested that Mr. McGrady provide invoices or other materials to the Clerk.  The Local Rule also does not require a bill of costs to be submitted on an AO 133 form, although that is the preferred practice.  The Court finds that the Clerk of Court misinterpreted the requirements of Local Rule 54.1(b).

---

[21] Docket 62.

[22] Docket 63.

[23] Docket 63 at 1.

[24] Docket 64 at 1.

[25] L. Civ. R. 54.1(b) (emphasis added).

[26] L. Civ. R. 54.1(b).

Mr. Wayson also maintains that Mr. McGrady has never filed a motion for taxable costs, only a motion for attorney fees.[27] However, the Local Rules do not require a party to file a *motion* for taxable costs, only that "[a] *bill of costs* must be filed and served no later than 14 days after entry of judgment or an applicable order."[28] Mr. McGrady filed and served his bill of costs within 14 days of the entry of judgment.

Mr. McGrady has filed documents supporting his claim for $505.26 in taxable costs.[29] The documents show that the costs were paid for filing fees, subpoena service fees, and printing and copying related to the case. These qualify as taxable costs.[30] The Court will therefore award Mr. McGrady $505.26 in taxable costs, which shall be reflected in an amended judgment.

In light of the foregoing, IT IS ORDERED that the motion at Docket 57, as corrected by Docket 69, is granted. IT IS FURTHER ORDERED that the motion at Docket 63 is granted. The Clerk of Court shall issue an amended judgment that awards Mr. McGrady $11,972.60 in attorney fees and $505.26 in taxable costs from Mr. Wayson.

DATED this 21st day of October, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[27] Docket 64 at 1–2.

[28] L. Civ. R. 54.1(a); *cf.* L. Civ. R. 54.2 (requiring a party to file a *motion* for attorney's fees) and Fed. R. Civ. P. 54(d)(2) (requiring a "claim for attorney's fees and related nontaxable expenses" to be made by motion).

[29] Docket 63-1 at 1 (receipt for $400), 63-1 at 2–10 (cancelled checks totaling $37.50), 63-1 at 11–16 (invoices totaling $67.76).

[30] L. Civ. R. 54.1(e)(4), (6), (9).